Affirmed and Opinion filed October 17, 2006








Affirmed and Opinion filed October 17, 2006.

 

 

 

In The

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01066-CR

____________

 

ANTHONY THOMAS GRAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1004134

 



 

O P I N I O N

Appellant, Anthony Thomas Gray, appeals after pleading no
contest to possession with intent to deliver between four and two-hundred grams
of cocaine.  The trial court sentenced him to five years= incarceration. 
In his sole point of error, appellant challenges the trial court=s denial of his
motion to suppress the cocaine.  We affirm.

Background








On October 16, 2004, a narcotics team with the Harris
County Sheriff=s Office received an anonymous tip that cocaine was
being sold from an apartment complex.  When they arrived at the complex,
deputies Jimmy Cook and Paul Croas observed a man coming down the stairs from
the specified apartment.  They stopped the man and found $1,800 in cash in his
pocket.  The money was organized in increments usually associated with
narcotics sales.  The deputies noticed that the man had left the apartment door
slightly ajar.  When the deputies peered through the partially open door, they
saw a man lying on a couch.  On the floor nearby was a CD case with lines of a
white powdery substance on it.  The deputies believed the substance to be
cocaine.  The deputies knocked on the door, but the man on the couch did not
move.  Cook and Croas then entered the apartment.  While Cook handcuffed the
man on the couch, Croas performed a protective sweep and found appellant hiding
in a closet.  The narcotics team also seized cocaine and other contraband.  

Appellant was arrested and charged with possession with
intent to deliver between four and two-hundred grams of cocaine.  Appellant
filed a motion to suppress all evidence discovered during the search, which the
trial court denied.  Appellant subsequently pled no contest to the charge of
possession with intent to deliver between four and two-hundred grams of
cocaine, and the trial court sentenced him to five years= incarceration.

Analysis

In his sole point of error, appellant argues that the trial
court abused its discretion by overruling his motion to suppress because the
deputies failed to announce their presence and wait a sufficient time before
entering the appellant=s apartment.[1] 
Appellant contends that the deputies= actions violated
his constitutional rights because no exigent circumstances existed to justify
such an entry.  Appellant has failed to preserve this issue for appellate
review.[2]








For a complaint to be presented on appeal, a timely
request, objection, or motion must have been made to the trial court which
"states the grounds for the ruling that the complaining party sought from
the trial court with sufficient specificity to make the trial court aware of
the complaint, unless the specific grounds were apparent from the
context."  Tex. R. App. P. 33.1(a)(1)(A). 
An objection or motion stating one legal basis may not be used to support a
different legal theory on appeal.  Bell v. State, 938 S.W.2d 35, 54
(Tex. Crim. App. 1996); see also Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (A[T]he legal basis
of a complaint raised on appeal cannot vary from that raised at trial@).  We should look
at the Aclear thrust@ of the appellant=s argument at
trial to determine if his argument on appeal departs from his trial arguments. 
Eisenhauer v. State, 754 S.W.2d 159, 161 (Tex. Crim. App. 1988), overruled
on other grounds by Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App.
1991).

In his written motion to suppress, appellant generally
argued that the search violated his constitutional rights under the United
States and Texas Constitutions and 38.23 of the Code of Criminal Procedure. 
Such a generic objection is not specific enough to make the court aware of his
complaint on appeal that the deputies failed to properly announce their
presence before entering the appellant=s apartment.  See
Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (holding that
the appellant=s arguments that his constitutional and statutory
rights were violated were Aglobal in nature@ and not
sufficiently specific to preserve those arguments for appeal).  

The clear thrust of appellant=s argument at the
hearing on his motion to suppress  centered on whether the deputies= actually had
probable cause to enter the apartment.  Specifically, appellant=s counsel
repeatedly challenged the State=s assertion that the cocaine was in plain
view.  Appellant=s counsel argued Athe question is
whether or not before they moved the door they saw what they have told you [the
cocaine].@  Appellant=s counsel closed
the hearing with:








[W]hat they are trying to do is to
tell you this is an exception to  . . . the requirement for the search warrant,
because they are asking you to find that they saw cocaine in plain view.   And
I submit to you that they did not.  What you heard today does not substantiate
a finding that this was seized--that anything was seized as a result of a plain
view exception to the no search warrant requirement.  Thank you.        

It is
apparent from the record that the clear thrust of appellant=s argument in the
motion to suppress hearing aimed at attacking the plain view exception to the
warrant requirement offered by the State as support for their showing of
probable cause.  See Eisenhauer,
754 S.W.2d at 161 (holding that the clear thrust of the argument at trial is
the basis for deciding if the argument has been sufficiently raised for
appeal). 
The trial court could not have been aware of the knock-and-announce complaint
because of the appellant=s focus on probable cause.  See Tex. R. App. P. 33.1;  see also
Heidelberg, 144 S.W.3d at 537; Thomas v. State, 723 S.W.2d 696, 700
(Tex. Crim. App. 1986) (holding that a defendant has not preserved error for
review when the objection on appeal differs from the complaint made to the
trial court). As a result, appellant waives his knock-and-announce complaint. 
We overrule appellant=s sole point of error. 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Opinion filed October 17, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Amidei.[3]

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]    Appellant=s
complaint that the deputies failed to announce their presence and wait a
sufficient time is a so called Aknock-and-announce@ complaint.  See Richards v. Wisconsin, 520
U.S. 385 (1997); Price v. State, 93 S.W.3d 358, 362 (Tex. App.CHouston [14th Dist.] 2002, pet ref=d).





[2]  The United States Supreme Court recently ruled that
a knock and announce complaint under federal constitutional law cannot be the
basis for suppression of evidence.  Hudson v. Michigan, 126 S. Ct. 2159
(2006).  Therefore, even if we were to reach the substance of appellant=s argument, it appears the remedy he seeks,
suppression of evidence, is precluded by the Hudson holding.





[3]  Senior Justice Maurice E. Amidei sitting by
assignment.